## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ARCADIA SOLUTIONS, LLC; and
CASSANDRA M. SMITH,

     Plaintiffs,

v.                                                   Case No. 6:21-cv-1139-RBD-LRH

BETHUNE COOKMAN
UNIVERSITY,

     Defendant.

_____

## ORDER

Before the Court are:

1.    Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 4 ("Motion")); and

2.    Plaintiffs' Opposition to Defendant's Motion to Dismiss (Doc. 8).

Defendant's Motion is due to be granted in part and denied in part.

## BACKGROUND

Plaintiff Cassandra M. Smith owns and is self-employed by Arcadia Solutions, LLC ("Arcadia"). (Doc. 1-1, ¶ 2.) Arcadia provides management, compliance, and consulting services for federal educational grants to colleges. (*Id.* ¶ 4.) Defendant, a historically Black college, contracted with Plaintiffs to obtain and monitor grants from the Department of Education ("DOE"). (*Id.* ¶¶ 13, 15–17.)

The contract allowed Defendant to terminate after consultation with Plaintiffs and with consent of the DOE Title III Program Officer ("Program Officer"); disputes about the contract required notice and a sixty-day good-faith negotiation period before litigation. (*Id.* ¶¶ 21–23.)

About a year and a half into the contract, Plaintiffs learned that Defendant's chief financial officer ("CFO") was pressuring its Title III Director ("Director") to use grant money in violation of DOE rules. (*Id.* ¶¶ 19, 33, 34.) Smith told the CFO, but he continued. (*Id.* ¶¶ 36–41.) So Smith told the Director and warned her of other violations. (*Id.* ¶¶ 42–49.) Plaintiffs allege that Defendant soon engaged in retaliation, ultimately terminating the contract without giving notice of the dispute or seeking consultation with Plaintiffs or approval from the Program Officer. (*Id.* ¶¶ 50–61.)

So Plaintiffs sued Defendant, alleging breach of contract and whistleblower retaliation under 41 U.S.C. § 4712, a provision of the National Defense Authorization Act ("NDAA"). (Doc. 1-1, ¶¶ 65–80.) Defendant moved to dismiss (Doc. 4) the operative Second Amended Complaint (Doc. 1-1 ("Complaint")). Plaintiffs responded. (Doc. 8.) The matter is ripe.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, a court limits its consideration to "the well-

pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must accept the factual allegations as true and construe them "in the light most favorable" to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). But this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So a pleading that offers mere "labels and conclusions" is insufficient. *Twombly*, 550 U.S. at 555. "[A] court may . . . dismiss a complaint on a dispositive issue of law." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).

## ANALYSIS

Defendant moves to dismiss Count II of Plaintiff's Complaint because the NDAA does not protect an "independent contractor of a federal grantee" or an "employee of an independent contractor of a federal grantee." (Doc. 4, pp. 4–7.) The Court agrees.

Statutory interpretation "begin[s] with the text itself." *Ga. State Conf. of the NAACP v. City of LaGrange*, 940 F.3d 627, 631 (11th Cir. 2019). The Court must "assume that Congress used the words of the statute as they are commonly and ordinarily understood" and give full effect to each provision. *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir. 1995) (per curiam). The Court does not "look at one word or term in isolation, but instead . . . to the entire statutory

context." *United States v. DBB, Inc.*, 180 F.3d 1277, 1281 (11th Cir. 1999). The inquiry ends where "the language of the statute is unambiguous." *NAACP*, 940 F.3d at 631.

Here, the statute protects "employee[s] of a contractor, subcontractor, grantee, or subgrantee" from retaliation for whistleblowing about mismanagement of a federal grant. 41 U.S.C. § 4712(a)(1). But neither the Eleventh Circuit nor district courts in this circuit have extended the protection of the statute beyond its plain meaning—employees of the grantee—to a contractor of a grantee (Arcadia), or an employee of a contractor of a grantee (Smith). So the Court looks to the statutory text to determine whether Plaintiffs are covered. *See NAACP*, 940 F.3d at 631.

The NDAA does not define "employee of a . . . grantee." *See* 41 U.S.C. §§ 101–16. So the Court "interpret[s] those words in accordance with their plain and ordinary meaning" and may look to dictionary definitions. *Spencer v. Specialty Foundry Prods. Inc.*, 953 F.3d 735, 740 (11th Cir. 2020). An employee is "[s]omeone who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance." *Employee*, Black's Law Dictionary (11th ed. 2019).

Plaintiffs do not allege they were Defendant's employees. (Doc. 1-1, ¶¶ 2, 72, 73.) Nor do they contend that Defendant controlled the details of their work. (*See id. passim*.) Indeed, under the contract, Defendant had to obtain approval of

4

the Program Officer to terminate Plaintiffs' contract—pointing to lack of control. (*Id.* ¶¶ 21, 22.) So under the plain language of the statute, Plaintiffs were not employees of the grantee (Defendant) and were not covered.[1] *Cf. Nance v. U.S. Dep't of Just.*, No. 20 C 6316, 2021 WL 2329375, at *5 (N.D. Ill. June 8, 2021) ("The statute does not, by its terms, extend its protection to an independent contractor, and the Court is not aware of any case that held the statute's protections extend to non-employees.").

Plaintiffs counter that the provision is much like the whistleblower provision in the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("SOX"), which the U.S. Supreme Court has extended not just to employees of regulated companies but also to employees of contractors of those companies. (*See* Doc. 8, pp. 9–10 (citing *Lawson v. FMR LLC*, 571 U.S. 429, 433 (2014)).) But the NDAA and SOX are drafted differently. SOX prohibits a regulated company from retaliating "against an employee." 18 U.S.C. § 1514A(a). But SOX does not specify who must employ

---

[1] Resort to legislative history is unnecessary because the statutory language is clear. *See United States v. Alabama*, 778 F.3d 926, 939 (11th Cir. 2015). Were it not so, when Congress made the NDAA permanent, they expanded the protection from "employee of a contractor, subcontractor, or grantee" to include a "subgrantee or personal services contractor." *Compare* Pub. L. No. 114-261, §§ 1(a)(2), (3)(A), 130 Stat. 1362, 1362 (2016), *with* Pub. L. No. 112-239, § 828, 126 Stat. 1632, 1837 (2013). With this change, Congress expanded the pool of protected individuals to match "[s]imilar rights" existing for whistleblowers on defense grants. *See* S. Rep. No. 114-270, at 4 (2016) (adding that personal services contractors are "contractors that contract their services directly with the Government"; not to a private company or grantee). This history suggests that Congress is aware of the scope of NDAA protection and chose not to expand it further—from employees of grantees to employees of contractors of grantees. *See Grosz v. City of Mia. Beach*, 82 F.3d 1005, 1007 (11th Cir. 1996).

5

the employee. *See Lawson*, 571 U.S. at 440–41. So, based on SOX's plain language, the Court ruled that the statute protected not only an employee of a regulated company but also an employee of a contractor of the company. *See id.* Here, though, the NDAA does specify who must employ the employee—the grantee. 41 U.S.C. § 4712(a)(1). So Plaintiffs' argument for expanding the protection of the statute beyond its plain language is unpersuasive.

Because the NDAA does not protect Plaintiffs, Count II is due to be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remaining claim for common law breach of contract. (Doc. 1-1, ¶¶ 65–70; *see* Doc. 4, pp. 7–11); 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For these reasons, it is **ORDERED AND ADJUDGED**:

1.    Defendant's Motion (Doc. 4) is **GRANTED IN PART AND DENIED IN PART**:

    a.    The Motion is **GRANTED** as to Count II of the Complaint (Doc. 1-1, ¶¶ 71–80), which is **DISMISSED WITH PREJUDICE**.

    b.    The Motion is **DENIED** in all other respects.

2.    The remainder of this action is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida.

3.      The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 4,

2022.

ROY B. DALTON JR.
United States District Judge